TERRITORY *v.* LEE CHEE.

No. 1899.

ARGUED MAY 21, 1930. DECIDED OCTOBER 16, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon the defendant's bill of exceptions from a conviction of perjury. The indictment upon

which the defendant was tried charged that the perjury was committed in an action of assumpsit in the first circuit court, entitled *Fong Hing, plaintiff,* v. *Lee Chee, defendant,* Law No. 11309. In said indictment it was charged in effect and among other things that the defendant, as a witness under oath upon a material issue, willfully, knowingly, falsely, corruptly and feloniously testified in that case in substance and to the effect that there had not been a settlement of accounts and an account stated by and between the said plaintiff, Fong Hing, and the said defendant, Lee Chee, on the third day of June, 1924, as shown and set forth upon a certain instrument in writing, marked plaintiff's exhibit "B," and received in evidence on November 15, 1927, in the aforesaid civil action and proceeding (Law No. 11309); that the aforesaid plaintiff's exhibit "B" had been altered, changed and added to subsequent to the third day of June, 1924; that the accounts between the said plaintiff, Fong Hing, and the said defendant, Lee Chee, had not been settled and stated as set forth in said plaintiff's exhibit "B" on the said third day of June, 1924; that there was on the said third day of June, 1924, and subsequent thereto and up to and including the 14th day of November, 1927, a set-off and counterclaim in the sum of $1150 in favor of the said defendant, Lee Chee, and against the said plaintiff, Fong Hing; whereas, in truth and in fact as he, the said Lee Chee, then and there well knew, there had been a settlement of accounts and an account stated by and between the said plaintiff, Fong Hing, and the said defendant, Lee Chee, on the third day of June, 1924, as shown and set forth upon a certain instrument in writing marked plaintiff's exhibit "B" and received in evidence on November 15, 1927, in the aforesaid civil action and proceeding (Law No. 11309); the aforesaid plaintiff's exhibit "B" had not been altered, changed or added to in any manner subsequent to the third

day of June, 1924; the account between the said plaintiff, Fong Hing, and the said defendant, Lee Chee, had been settled and stated as set forth in said plaintiff's exhibit "B" on the said third day of June, 1924, and there had not been on the said third day of June, 1924, or at any time subsequent and up to and including the 14th day of November, 1924, a set-off and counterclaim in the sum of $1150 in favor of the said defendant, Lee Chee, and against the said plaintiff, Fong Hing.

Defendant, upon advice of counsel, stood mute and a plea of not guilty was entered for him by the court.

In the action in assumpsit plaintiff's amended complaint, introduced as prosecution's exhibit "A" in the case at bar, alleged in part and in effect (count 1) that on June 1, 1924, the plaintiff became the owner of an undivided one-half interest in certain lands situated in Kalihi in the City and County of Honolulu, Territory of Hawaii, the plaintiff investing therein for said interest the sum of $4850; that the defendant was then, has continued to be and is now the owner of the other undivided one-half interest in said land; that upon the purchase by the plaintiff of an undivided one-half interest in said lands as aforesaid an agreement was entered into by and between the plaintiff and defendant by the terms of which the defendant was to use and occupy said lands, paying to the plaintiff for his share of the use thereof a sum equal to the interest on the lands invested therein by the plaintiff, and to pay the interest on an outstanding mortgage wherein W. R. Castle is mortgagee, and the taxes assessed against said lands during the sole occupancy of said lands by the defendant; that the defendant has continued in the sole use and occupancy of said lands in pursuance of said agreement from June 1, 1924, to the present time and that there is now due the plaintiff from the defendant under said agreement for the use and occupation of plaintiff's share in said lands

for the period from June 1, 1924, to May 15, 1926, the sum of $759.86, that being a sum equal to the interest on plaintiff's said investment of $4850 for twenty-three and one-half months; and (count two) that the plaintiff claims of the defendant a further and additional sum of $500 upon a note executed by the defendant payable to plaintiff, dated June 13, 1924, payable forty-five days after date, with interest from July 28, 1924, plaintiff alleging a total indebtedness upon the two counts above referred to in the sum of $1259.86.

Defendant's amended answer and set-off (prosecution's exhibit "B" in the present case) contained a general denial and an allegation of indebtedness on the part of the plaintiff to the defendant in the sum of $1150 for money loaned and upon an account stated on or about May 22, 1924.

In addition to the pleadings in the assumpsit suit above referred to the prosecution introduced among others the following exhibits:

Exhibit "C." A document in the form of a mutual account, marked plaintiff's exhibit "B" in Law Case No. 11309, written partly in English and partly in Chinese, under date of June 23, 1924, purporting to be signed in Chinese characters by Fong Hing and Lee Chee over the statement, also in Chinese characters, "accounting personally had between us and closed." The account is balanced by a charge of $1259.13 "to be paid by Fong Hing to Lee Chee."

Exhibit "D." An English translation of the foregoing account.

Exhibit "E." Check dated June 3, 1924, on the Bank of Hawaii, Limited, Fong Hing to Lee Chee, for $1259.13, endorsed by Lee Chee, paid and cancelled.

Exhibit "F-1." Promissory note, dated June 13, 1924, Lee Chee to Fong Hing, for $500, payable forty-five days after date (plaintiff's exhibit "E-1" in Law No. 11309).

Exhibit "F-2." Check, dated June 13, 1924, on Bank of Hawaii, Limited, Fong Hing to Lee Chee, for $500, endorsed by Lee Chee, paid and cancelled.

Exhibits "K-1," "K-2," and "K-3." Transcript of testimony of Lee Chee in Law No. 11309 upon which the indictment for perjury in the present case is predicated.

Evidence was introduced by the prosecution tending to show that prior to June 3, 1924, there had been business dealings between Fong Hing and Lee Chee, the debits and credits of which were on the last named date embodied in an account which was later introduced in this case as prosecution's exhibit "C." This account showed a balance of $1259.13 due from Fong Hing to Lee Chee. This balance was paid the said day by Fong Hing's check to Lee Chee, introduced in evidence herein as exhibit "E." Ten days later, to-wit, on June 13, 1924, Fong Hing, at Lee Chee's request, made a loan, evidenced by prosecution's exhibit "F-2," of $500 to Lee Chee and received therefor Lee Chee's promissory note evidenced by prosecution's exhibit "F-1," payable forty-five days after date. In Law No. 11309 Fong Hing introduced testimony in support of counts 1 and 2 of his amended declaration (exhibit "A") and testimony contradicting the allegations of defendant's amended answer and set-off (exhibit "B"). Lee Chee in said action of assumpsit, as a witness duly sworn in his own behalf, testified among other things: (1) that there had been no account stated between himself and Fong Hing on June 3, 1924, as set forth in exhibit "C" herein; (2) that there had been no settlement of accounts between said parties on said last named date; (3) that said exhibit "C" had been altered by the addition of the part immediately preceding his signature at a time subsequent to the execution and delivery thereof; and (4) that on June 3, 1924, and subsequently thereto, up to and including November 14, 1927, defendant had a set-off and counterclaim against

Fong Hing in the sum of $1150. Verdict in the action of assumpsit was against the plaintiff on the first count of his declaration, for the plaintiff on the second count thereof, and against the defendant on the latter's set-off.

In the instant case defendant's bill contains seventeen exceptions. In defendant's opening brief the "specification of exceptions relied upon" groups said exceptions as follows:

A. Exceptions 14 and 15. (1) Court's refusal to give defendant's instructions 2, 3 and 4. (2) Court's refusal to give defendant's instructions numbered 7, 8, 13, 36, 37, 38 and 28 to 33, inclusive.

B. Exception 9. The court's refusal of motion to strike testimony of expert witness upon ground of disqualification.

A (1). The requested instructions referred to under this heading read as follows: Defendant's instruction No. 2. "I instruct you that the prosecution must prove the defendant guilty of each separate assignment of perjury in the indictment beyond a reasonable doubt by no less than two credible witnesses or one credible witness and strong corroborating circumstances as to the facts alleged as falsely sworn to." Defendant's instruction No. 3. "I charge you that where a defendant is charged with perjury and the only testimony adduced against him is that of one witness, the corroborating proof must be of independent and material facts and circumstances tending directly to corroborate the testimony of the witness and must be of a strong character and not merely corroborative in slight particulars and must contradict in positive terms the statements of the accused. You, however, are the sole judges of the credibility of witnesses and the weight of the evidence, the rule by which you are to be guided always being that the prosecution must prove the accused guilty of the crime charged beyond a reasonable doubt." Defendant's instruc-

tion No. 4. "You are instructed that in all trials for perjury the law requires that no person shall be convicted of perjury except upon the testimony of two credible witnesses or one credible witness corroborated strongly by other evidence as to the falsity of defendant's statements under oath and unless you are satisfied that the Territory has discharged this burden and proved that the defendant is guilty beyond a reasonable doubt it is your duty to acquit the defendant."

Defendant's instruction number 4 above quoted was modified by the court by striking the word "strongly" and was given as thus modified.

In seeking to apply the instructions to the facts we have examined the transcript and the exhibits, which disclose that the essentials of perjury as charged in the indictment were in part thus sought to be established by the prosecution:

1. The proceedings (Law No. 11309) in the circuit court—by the introduction of the pleadings, exhibits "A" and "B" and the testimony of more than one witness.

2. The due administration of the oath to the defendant as a witness and the fact that he thereupon testified—by the testimony of more than one witness and the introduction of the transcript of his testimony (exhibits "K-1," "K-2" and "K-3").

3. The testimony of the defendant as alleged in the indictment—by the testimony of more than one witness and by said exhibits "K-1," "K-2" and "K-3."

4. The fact that an account was stated by and between Fong Hing and Lee Chee on June 3, 1924,—by the introduction of exhibit "C" and the testimony of Fong Hing, the testimony of three handwriting experts and the corroborating circumstances set forth in the following paragraphs 5 and 6.

5. The fact that said account had not been altered

since the date of its execution—by the testimony of Fong Hing and the testimony of three handwriting experts that the words claimed to have been added thereto were in their opinion in the handwriting of Lee Chee.

6. The fact that said account was settled on June 3, 1924,—by the introduction as exhibit "E" of Fong Hing's check, endorsed, paid and cancelled, explained by Fong Hing's testimony.

7. The fact that Fong Hing was not indebted to Lee Chee, as testified by the latter, in the sum of $1150 upon a set-off,—by the testimony of Fong Hing, by the corroborating circumstances of the execution of June 13, ten days after the alleged settlement of said account, by Lee Chee of his promissory note (exhibit "F-1") for a loan of $500 evidenced by Fong Hing's check (exhibit "F-2") for that amount.

8. The fact that the alleged false statements as above set forth of Lee Chee were made willfully and knowingly—by the corroborating circumstances set forth in the foregoing paragraphs 4, 5, 6 and 7 and by Fong Hing's testimony as to Lee Chee's knowledge and opportunity for knowledge of those transactions.

The rule invoked by the defendant as to the *quantum* of evidence required specifically in perjury cases to overcome the evidence of the defendant is applicable, where applicable at all, only to the alleged false testimony of the defendant, to the fact that it was knowingly false, and not to the other material allegations of the indictment. See *United States* v. *Hall*, 44 Fed. 864, 868. Thus two witnesses or one witness and corroborating circumstances were not required to prove the matters set forth in the above paragraphs 1, 2 and 3. Furthermore, the rule has been relaxed by dispensing with the necessity of a living witness to the *corpus delicti* of the defendant in a prosecution for perjury where a person charged with a perjury by

false swearing to a fact is directly disproved by documentary or written testimony springing from himself with circumstances showing the corrupt intent. See *United States* v. *Wood,* 39 U. S. 428, 440. From the foregoing statement it appears that the falsity of defendant's testimony upon the first, second and third assignments hereinabove referred to was sought to be established by the testimony of Fong Hing, by the testimony of the handwriting experts and by the corroborating circumstances above named, including among others those evidenced by documentary exhibits "C," "E," "F-1" and "F-2" signed by the defendant himself. The jury was instructed in effect that there could be no conviction unless from all of this evidence the jury was satisfied as to the guilt of the defendant beyond a reasonable doubt—in other words, that such evidence must be strong enough so to satisfy said jury. Greater strength was not required of it. The word "strongly" in itself would have carried no one, definite meaning to the minds of all the jurors. What one juror might regard as "strong" another might regard as weak. The purpose of instructions is to enlighten the juror,—in this instance as to the *quantum* and the nature of the evidence required to justify a conviction. If the corroborating circumstances (together with the testimony of one witness) were such as to carry conviction to the minds of the jurors of the guilt of the accused and to satisfy them of his guilt beyond a reasonable doubt, then those circumstances, together with the testimony of one witness, would be sufficient to support a verdict of guilty. That in effect is what the judge charged the jury. The mere omission of the word "strongly" was not error. Its use would have merely served to introduce confusion and uncertainty. Authorities to the contrary do not appeal to us as being sound. Defendant's requested instructions numbered 2 and 3 were sufficiently covered by request number 4. There was no error in re-

fusing any of them in view of the fact that number 4 was given by the court with the word "strongly" omitted, without other change; and applied as above set forth to the facts in this case there was no error in giving number 4 with that omission.

A (2). Exceptions 14 and 15 to the court's refusal to give defendant's requested instructions numbered 7, 8, 13, 28, 29, 30, 31, 32, 33, 36, 37 and 38.

Defendant's requested instruction number 7 was as follows: "I instruct you that if in regard to the matters or any of the matters with which Lee Chee is charged with swearing falsely, willfully, knowingly, corruptly or feloniously, you believe the statements made by him were deductions from given facts, made in the exercise of honest judgment, and not willfully, knowingly, corruptly or feloniously, then it is your duty to acquit him, even though the said deductions were erroneous." The foregoing request was refused on the ground that it was covered by defendant's request number 6 which was given by the court as follows: "I charge you that in order to find the defendant, Lee Chee, guilty of perjury as charged in the indictment the prosecution must prove beyond a reasonable doubt that the defendant, Lee Chee, willfully, knowingly, falsely, corruptly and feloniously swore to the material facts set forth in the indictment and I further charge you that willfulness, knowledge, falsity, corruptness and a felonious intent are indispensable elements of the crime of perjury as charged, and if you believe that Lee Chee honestly believed the material statements of fact he made to be true, although he was mistaken in such belief, he cannot be guilty of perjury and you must acquit him." The court also gave defendant's request number 12 as follows: "I further instruct you that it is for you to determine whether or not the defendant, Lee Chee, testified as to what he honestly believed or whether or not he testified under a mis-

taken intent as to the true state of facts, and if you believe that he testified as to what he honestly believed under a mistaken intent as to the law or fact involved, then it is your duty to acquit him, even though the matters in regard to which he testified were false." A comparison of the instructions given (6 and 12) with that refused (7) shows that the instructions thus given by the court were broad enough in their scope to include the matter set forth in number 7, for they charged the jury that an honest belief under a mistaken intent as to the law or fact would deprive the defendant's testimony given thereunder of elements necessary to perjury. This in effect covers deductions as well as substantive facts.

Defendant's requests numbered 8, 13, 36 and 38 are but repetitions in changed form of instructions given to the jury in numbers 6 and 12 above quoted.

Defendant's request number 37 was as follows: "I instruct you that if you believe Fong Hing has willfully testified falsely as to any material fact in this case you are at liberty to disregard the whole or any part of his testimony except as he may have been corroborated by credible witnesses or other credible evidence in this case." This request singled out one witness's testimony for the application of the *falsus in uno falsus in omnibus* test and was very properly refused by the court. This was no error, especially in view of the fact that the court in plaintiff's requested instruction number 4 had already stated the same test with reference to the testimony of all witnesses.

Defendant's requests numbered 32 and 33 also single out the testimony of one witness for the application of credibility tests. The general credibility tests given by the court were ample to cover the testimony of this one witness and all others. We find no error in the refusal.

Defendant's requests 28, 29 and 30 set forth general credibility tests which are sufficiently covered by the

court's instruction number 4 above referred to, given at the request of the prosecution. For the reason that they are so covered there was no error in their refusal.

Defendant's request number 31 is a variant of the *quantum* rule set forth in defendant's requests numbered 2, 3 and 4 hereinabove discussed. It is sufficiently covered by the court's number 4 hereinabove referred to and for that reason there was no error in its refusal.

B. Exception number 9. On cross-examination of Tong Kow, a Chinese handwriting expert who had testified for the prosecution, counsel for the defendant questioned the witness and the witness replied as follows: "Q About fifty times out of a hundred you are right? A Yes. Q You are not sure you are right about anything in handwriting? A I can but a little bit." Counsel then moved "to strike all of this witness' testimony upon the ground that it affirmatively appears he is not a handwriting expert." The motion was denied and counsel excepted. From further examination of the witness the jury might well have found that he did not intend to state that he was able to identify handwriting in fifty cases out of one hundred submitted to him, but that he did intend to state that in the handwriting of the exhibit upon which he was being examined 55 per cent of the Chinese character handwriting resembled the defendant's, but that he was unable to say whether or not the remaining 45 per cent was in the handwriting of the defendant. The witness had been previously qualified as an expert and his testimony as above explained was not sufficient to disqualify him. There was no error in the court's refusal to strike his testimony.

For the reasons above set forth defendant's exceptions are overruled.

*G. Wight,* Deputy City and County Attorney (J. F. Gilliland, City and County Attorney, with him on the brief), for the Territory.

*F. Patterson* (also on the briefs) for defendant.