**MICHAEL CAFARELLA, Plaintiff-Appellant, *v.* JOHN K. CHAR, Defendant-Appellee**

NO. 6359

AUGUST 11, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment entered following a directed verdict for the defendant at the close of all of the evidence in a jury trial of a dental malpractice action. We hold that a directed verdict was improperly granted and that the case should be reversed for a new trial.

Appellant claimed that beginning in December, 1971 and for approximately a year thereafter, the appellee negligently performed dental services for him including gum surgery, bleaching of teeth and root canal work causing infection, inflammation and disease with various and manifold consequences to appellant's health, employment, et cetera. Although appellant invokes the doctrine of *res ipsa loquitur* in contending that the matter should have been allowed to go to a jury, it is obvious to us that the case is one which could be proved, if at all, only by medical or dental expert testimony.

Appellant called Robert L. Pekarsky, a dentist and oral surgeon, who had broad and varied education, training and experience. Appellee moved *in limine* to bar his testimony on the ground that he had failed to pass the examinations for licensing as a dentist in Hawaii, that he was an oral surgeon whereas the appellee was a general dentist and that he was unfamiliar with local practice and procedure in the field of dentistry. His principal experience, except for teaching and acquaintance with local dentists, had been on the Mainland. Appellee had taken two depositions from him in preparation for trial and was thoroughly familiar with his claimed qualifications and what he would be testifying to at trial as an expert. The motion *in limine* was not granted.

Dr. Pekarsky took the stand and an extensive, thorough and searching voir dire was conducted at the conclusion of which the trial court found him qualified to testify as an expert.

Thereafter, Dr. Pekarsky testified at length as to his opinion that the treatment rendered by the appellee was improper and did not meet appropriate dental standards. In this connection, he testified that dental standards in Honolulu did not differ from those in similar communities on the Mainland

where he had practiced and with which he was familiar. No motion to strike Dr. Pekarsky's testimony was made at the close of his examination. At the close of the appellant's case, appellee moved for a directed verdict which was denied. It is, therefore, obvious that Dr. Pekarsky's opinion testimony had not caused the court to change its view as to his qualifications.

At the close of all the evidence, the appellee again moved for a directed verdict[1] and this time the motion was granted. As the Supreme Court of Hawaii has said

> A directed verdict may be granted only when after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said that there is no evidence to support a jury verdict in his favor.

*Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 77, 470 P.2d 240 (1970);[2] *Farrior v. Payton*, 57 Haw. 620, 562 P.2d 779 (1977). It is settled law in Hawaii that questions concerning the credibility of witnesses and the weight of the evidence are for the jury alone to decide. *Striker v. Nakamura*, 50 Haw. 590, 446 P.2d 35 (1968).

Three days after granting the motion for directed verdict, the court below *sua sponte* entered Findings of Fact and Conclusions of Law disqualifying Dr. Pekarsky as an expert.[3]

---

[1] MR. DEZZANI: . . .

Now, I will concede that Dr. Pekarsky made statements up there which . . . [if] believed would form a basis for a verdict. But I am saying that if in a case where you are talking about an expert witness as opposed to eyewitness testimony where the Court . . . has the discretion to decide preliminarily whether or not a witness is qualified, when that witness goes on and makes statements which show how unqualified he is . . . the Court . . . by the very fact that it's given discretion in deciding who is an expert and who is not, doesn't have to now take that expert testimony and allow that to be the basis for denying the motion for directed verdict.

[2] We note that appellee's lead counsel at trial was the successful counsel in *Stewart, supra*.

[3] 1. That, although the voir dire examination of Robert L. Pekarsky preliminarily indicated sufficient qualifications to allow him to testify as an expert witness at

The procedure followed is unusual and confusing.[4]

The heart of appellant's case was, as it must be in almost all dental and medical malpractice cases, the testimony of his expert.

The adequacy of an expert's qualifications is ordinarily a determination in the discretion of the trial court. *City & County v. Bonded Inv. Co.*, 54 Haw. 385, 507 P.2d 1084 (1973). Such a determination was properly made by the court below prior to the expert testimony being offered. *See* 31 Am. Jur.2d *Expert and Opinion Evidence* § 31. On an examination of the record, we see no abuse of discretion in the trial court's original ruling that Dr. Pekarsky was qualified as an expert in this case. Once an expert has been qualified, of course, the weight and credibility of his evidence within the scope of his expertise is for the jury to decide. *State v. Chang*, 50 Haw. 195, 436 P.2d 3 (1968).

There may, rarely, be cases where, after an expert has been qualified, it later appears that he is, in fact, no expert, either from his own testimony or from the testimony of others. The case of *Territory v. Lee Chee*, 31 Haw. 587 (1930), cited by appellee, points to the correct procedure. We hold that it is incumbent upon counsel to make a motion to strike the expert's testimony when he believes that later testimony shows the expert not to be an expert. Then, if the motion to strike is granted, the party relying on the expert may be able to remedy the situation by producing additional expert testimony, by

---

trial, said Robert L. Pekarsky's further testimony and other testimony at trial established that he does not possess such qualifications.

2. That said Robert L. Pekarsky was not competent to testify as an expert witness against the defendant.

. . . . .

9. That reasonable persons seeing the witnesses and hearing the testimony adduced at trial could not reach different conclusions than those stated in paragraphs 1 thru 8 above, which were fairly drawn from all the evidence adduced.

[4] Rule 52 of the *Hawaii Rules of Civil Procedure* which deals with findings, is limited to cases tried without a jury or an advisory jury.

asking for a continuance or even a mistrial. Whether the court could properly grant relief in such a situation would depend upon the particular case but at least, unlike the present case, the party would have had an opportunity to attempt to remedy the situation.

We hold that it was error for the trial court to disqualify Dr. Pekarsky after both sides had rested and a motion for directed verdict had been granted. Although appellee's counsel in his argument for a directed verdict repeated his attack upon the qualifications of Dr. Pekarsky, he made no motion to strike his testimony and, in fact, the testimony was never stricken. Therefore, there was sufficient evidence to support a verdict for the plaintiff.

The court below, however, found that appellee was not negligent as a matter of fact and hence, granted the motion for a directed verdict and dismissed the jury. Negligence was the ultimate fact issue in the case. It appears from the record that the trial court found as a matter of fact that appellee did not breach the duty he owed to appellant and that his actions did not cause damage to appellant.[5] The court's action was contrary to our statutes.

In jury trials all questions of law shall be decided by the court and all questions of fact by the jury.

HRS § 635-15.

---

[5] THE COURT:

On motions for directed verdict the evidence and the inferences which may be fairly drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed. And if the evidence and the inferences viewed in that matter [are] of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue, then the motion should be denied; and the issue should be submitted to the jury.

The court is basing its ruling on that law. Now, the first thing the Court has to do is to draw fairly the facts from the evidence presented. Now, drawing fairly from the facts of the evidence, and the evidence presented, the Court draws the following facts: One . . . the Court finds fairly drawn from the evidence, the fact that pathology existed in number 7 and number 8 of plaintiff's teeth area prior to plaintiff being first seen by the defendant, Dr. Char.

Secondly, the Court finds fairly drawn from the evidence that there was no osteomyelitis in the . . . plaintiff's mouth during the entire time that the plaintiff

As we have noted, credibility and weight of testimony, including expert testimony are to be determined by the jury, not the court. *State v. Chang, supra.*

[I]t is the jury's function to determine the credibility of the evidence even though it may be arguably contradictory and unreasonable, *unless* the witness's testimony is either inherently improbable or incredible.

*State v. Bogdanoff,* 59 Haw. 603, 608, 585 P.2d 602 (1978).

Here, at the time of granting the motion, the court did not find the evidence inherently improbable or incredible and had the court so found it would clearly have been in error. The motion for a directed verdict should have been denied.

Furthermore, this case had been fully tried to the jury at the time the motion for a directed verdict was granted. There remained only to have the final arguments and to give the instructions before a jury verdict could be returned. Had the court below exercised its power under Rule 50(b), *Hawaii Rules of Civil Procedure* to take the motion under advisement and let the case be decided by the jury, the expense to the parties and the State of a retrial might well have been saved.

---

was seen by the defendant, Dr. Char, or was under Dr. Char's care.

Thirdly, there is no osteomyelitis subsequent to the plaintiff having gone to see other doctors or dentists after being last treated by . . . Dr. Char.

These are the facts that the Court fairly draws from the evidence adduced in this case. Based on these facts, which the Court will consider in the light most favorable to the plaintiff . . . the Court concludes that reasonable persons in the exercise of fair and impartial judgment cannot reach different conclusions upon the crucial issue of whether in fact the defendant was or was not negligent in this case. And the only conclusion that can be drawn from these facts is that the defendant was not negligent . . . in this case.

.   .   .   .

[T]he Court would like to make one other finding of fact fairly drawn from the evidence and that is that the treatment followed by . . . Dr. Char, of first doing a root canal followed thereafter by an apioectomy, and subsequently because the condition called for an extraction of the tooth were proper treatment methods and procedure. and therefore the Court will incorporate that as another set of facts fairly drawn from the evidence. And the Court's ·conclusion that reasonable persons in the exercise of fair and impartial judgment will not reach different conclusions upon the crucial question of whether, in fact, there was negligence on the part of the doctor in this case. . . . And that conclusion is that there was no negligence: . . .

We would urge the trial judges to give very serious consideration to following such a procedure in similar circumstances.

Numerous other errors are alleged by the appellant but since we are sending the case back for a retrial, only one merits comment. At oral argument, it was pointed out that the trial judge denied a motion for directed verdict at the close of the appellant's case and it therefore appeared that his ultimate holding that Dr. Pekarsky was not a competent expert witness must have been derived from something which occurred during the appellee's case. Appellant's counsel, when asked what that might be, pointed to the testimony of Dr. Edward T. K. Au. Dr. Au was permitted to testify, over the objection of appellant that he was not listed as a witness in the Pre-Trial Statement, and that therefore, there was prejudicial surprise. Dr. Au testified as to the contents of the Hawaii Dental Licensing examination and as to Dr. Pekarsky's scores in failing to pass the same.

Since the fact that Dr. Pekarsky was to be appellant's leading expert and the fact that he had not passed the Hawaii Dental Licensing examination were well-known prior to trial, there appears little or no excuse for not listing Dr. Au as a witness if appellee wished to go in to why and how Dr. Pekarsky failed the examination. We do not condone the practice of calling unlisted "rebuttal" witnesses except in cases where there has been genuine surprise arising out of an unexpected turn in the testimony or the interests of justice so require. Rule 18(a)(1) of the *Rules of the Circuit Court* must be scrupulously followed if we are to have fair trials. Reversed and remanded for a new trial.

*Paul E. DiBianco* for plaintiff-appellant.
*Michael D. Tom* for defendant-appellee.