MICHELE T. NOGUCHI, Plaintiff-Appellant, *v.* ALAN H. NAKAMURA and JERRY M. NAKAMURA, Defendants-Appellees

NO. 7317

CIVIL NO. 53983

JANUARY 15, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

656

*Per Curiam.* This is an appeal from an order granting a directed verdict on a claim of false imprisonment. We reverse.

The complaint herein asserted two claims for relief: one based on negligence and one on false imprisonment. The court below directed a verdict on the false imprisonment claim and the jury found for the appellee on the negligence claim.

Basically, appellant testified that she and appellee had been girl friend and boyfriend. She had come to the conclusion that she did not wish to go out with him anymore. On the day in question, he came to see her and asked her to go with him on a date that evening. She refused. After some conversation, he asked her to at least go to the store with him and she consented on the condition, which he agreed to, that he would bring her right back. She then entered his car and they proceeded to the store and returned, stopping in front of her house. She was seated in the car with the car door open when he suddenly drove off. At some point thereafter, she fell, was pushed or jumped from the car, sustaining the injuries complained of.

The tort of false imprisonment is defined in 2 RESTATEMENT OF TORTS 2d, § 35 (1965) as follows:

False Imprisonment

(1) An actor is subject to liability to another for false imprisonment if

(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and

(b)  his act directly or indirectly results in such a confinement of the other, and

(c)  the other is conscious of the confinement or is harmed by it.

Of course, it goes without saying that one who consents to being placed within a limited and enclosed space by the other is not legally confined. *Berliner v. S. S. City of Columbia,* 11 Haw. 701 (1899). *Compare Colegrove v. S. S. City of Columbia,* 11 Haw. 693 (1899).

Obviously, a moving automobile, because of the danger of any egress therefrom, can constitute a place of confinement. 2 Restatement of Torts 2d, § 36 (1965), ex. 9 at 56.

Appellee contends, however, that since appellant originally entered the car voluntarily, some threat against her to prevent her leaving must have been made or she was at least under an obligation when the car was stopped in front of her parents' home to express a refusal to go further. We do not regard such to be the law. She had refused to go anywhere on the day in question with the appellee but to the store and back. She was back, she was in front of her parents' house, and she had the car door open when appellee suddenly started off. A jury could well have found from her testimony that her consent to go anywhere with the appellee on the day in question was limited to going to the store and back; that she had previously expressly told him she would not go out with him that evening, so that the limited consent had expired; and that her having the door open in the stopped car in front of her parents' home reindicated her lack of consent to any further movement.

The case of *Faniel v. Chesapeake & Potomac Telephone Co.,* 404 A.2d 147 (D.C. App. 1979), cited by appellee is not in point. There, the claimant had consented to go to her home in the car. In the course of that journey after a stop was made which she had not anticipated, she changed her mind without expressing the same. But as the court pointed out in that case:

Of course, if the defendant goes beyond the implied consent, and does a substantially different act, he will be liable. *See Prosser, supra,* at 104. Whether the assent given was broad enough to cover the invasion inflicted is a question of fact to be determined by the jury in doubtful cases.

404 A.2d at 153. That is our case.

In *Cafarella v. Char*, 1 Haw. App. 142, 615 P.2d 763 (1980), we stated:

As the Supreme Court of Hawaii has said

"A directed verdict may be granted only when after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said that there is no evidence to support a jury verdict in his favor."

*Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 77, 470 P.2d 240 (1970); *Farrior v. Payton*, 57 Haw. 620, 562 P.2d 779 (1977). Applying that standard here, there was sufficient evidence to go to the jury on the claim of false imprisonment.

Because of our disposition of the question of the sufficiency of the evidence, we do not reach the other errors alleged.

Reversed and remanded for a new trial.

*Bert S. Sakuda (Cronin, Fried, Sekiya, Haley & Kekina* of counsel) for appellant.

*Dewey H. Kim, Jr. (Goodsill, Anderson & Quinn* of counsel) for appellees.