### SYLVESTER J. ECHOLS v. KARL N. BALCK (5020)

BORDEN, DALY and BIELUCH, Js.

Submitted on briefs January 8—decision released February 10, 1987

*Peter J. Zaccagnini, Jr.,* filed a brief for the appellant (plaintiff).

---

*Lois Tanzer* and *Elizabeth Schlaff* filed a brief for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff who claims that the trial court erred (1) in its charges to the jury on emergency, on unavoidable accident and on negligence which is not a proximate cause, (2) in allowing the defendant to file an amended answer during trial, and (3) in denying the plaintiff's motion to set aside the verdict.

Practice Book § 4065 (d) (2) (formerly § 3060F [d] [2]) provides in pertinent part: "When error is claimed in the charge to the jury, the brief or appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge." The plaintiff does not quote any portion of the relevant charges in his brief, nor does he include an appendix. Thus, he fails to comply with the rules of practice. In the face of this failure to comply with the rules of practice we will not review the claims of error relating to the jury charges. *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984).

The plaintiff also claims that the court erred in allowing the defendant to amend his answer during trial to include special defenses. A trial court has the discretion to allow an amendment to the pleading before, during or even after the trial. *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979). A trial court's decision to allow an amendment will be reversed only upon a clear showing of an abuse of discretion. Id. The plaintiff did not move for a postponement or a continuance of the trial in order to remedy his alleged surprise at the special defenses; nor has he shown any injustice or prejudice from the allowance of the amendment. See *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 249 n.3, 365 A.2d 1153 (1976). We therefore conclude that permitting the amendment was proper.

The plaintiff's final claim of error will not be considered as it "evade[s] meaningful appellate review because counsel has not researched the issues or formulated any legal arguments thereunder." *In re Juvenile Appeal (85-3),* 3 Conn. App. 194, 197, 485 A.2d 1369 (1985). "Bare assertions of error without citation to legal authority may constitute an abandonment of a claim." *State* v. *Chauvin,* 8 Conn. App. 307, 311, 512 A.2d 969 (1986); *State* v. *Knighton,* 7 Conn. App. 223, 226–28, 508 A.2d 772 (1986).

There is no error.