Rose W. Mozzer *v.* Hubert S. Bush, Jr., et al.
(4570)

Dupont, C. J., Spallone and Bieluch, Js.

Argued April 2—decision released July 7, 1987

*Kathryn Calibey,* with whom was *John J. Houlihan, Jr.,* for the appellant (plaintiff).

*Bourke Spellacy,* with whom, on the brief, were *John C. FitzGerald* and *Amy S. McCabe,* for the appellee (named defendant).

*John F. Scully,* with whom, on the brief, were *Karen Jansen Casey* and *Louis B. Blumenfeld,* for the appellee (defendant Edward J. Platz).

Dupont, C. J. In this medical malpractice action, tried to a jury, the plaintiff appeals from the judgment rendered upon the verdicts returned in favor of the defendants.[1] The plaintiff claims that the trial court

---

[1] The plaintiff sued Manchester Memorial Hospital and two doctors. The defendants involved in this appeal are the doctors. The plaintiff withdrew

erred in striking, sua sponte, the expert medical witness testimony offered by the plaintiff and in refusing to set aside directed verdicts returned in the defendants' favor.

The plaintiff was hospitalized for a gall bladder operation. The surgery was performed by the defendant, Dr. Hubert S. Bush, Jr., and anesthesia during the operation was administered by the defendant, Dr. Edward J. Platz. In her complaint, the plaintiff alleged that both doctors were negligent because they had failed to position properly and monitor her right arm during the operative procedure, and that such failure caused her to sustain a right ulnar neuropathy.

The plaintiff testified that she experienced a "needles and pins" sensation in her right hand and arm following her operation, and that she experienced pain in this area several days later. She testified, however, that she had no knowledge of what had transpired in the operating room, and did not remember being positioned on the operating table.

The plaintiff called two expert witnesses to testify on her behalf. A neurosurgeon who had treated the plaintiff after her surgery testified that he had diagnosed the plaintiff's ulnar nerve injury after performing an electromyelogram. The expert witness also testified on the issue of causation over the objections of the defendants. He testified that, in his opinion, the plaintiff's injury was "related in some way to her surgical procedure."

An anesthesiologist testified to the standard of care regarding the positioning of a patient's arms during gall bladder surgery. The anesthesiologist further testified, in response to a hypothetical question posed by

her claim against the hospital prior to the granting by the trial court of the motions for a directed verdict in favor of both doctors.

plaintiff's counsel and over the objections of the defendants, that, in his opinion, the plaintiff's injury occurred during the operation.

After the plaintiff rested her case, the defendants moved for directed verdicts. The trial court thereafter struck the testimony of both medical expert witnesses and granted the defendants' motions. The trial court found that the testimony of such expert witnesses was "purely speculative . . . and [that] such testimony could not be used reasonably to support a verdict for the plaintiff, even if the court did not strike the expert testimony." The trial court denied the plaintiff's motion to set aside the verdicts.

In her first claim of error, the plaintiff alleges that the trial court erred in striking the testimony of her expert witnesses. Although she concedes in her brief that a trial court may, sua sponte, strike testimony previously admitted when it determines that such evidence had been erroneously admitted; *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 502–503, 111 A. 861 (1920);[2] she claims on appeal that the trial court erred in striking such testimony *after* she had rested her case. The plaintiff, therefore, objects only to the *timing* of the trial court's action in striking the testimony.[3]

---

[2] The record reflects, and the plaintiff concedes, that in reaching its decision to strike the testimony of the expert witnesses, the trial court determined that such testimony was erroneously admitted. At the hearing on the plaintiff's motion to set aside the verdict, the trial court stated: "I obviously, in the course of trying the case, I gave counsel a great deal of latitude on the testimony I wanted in because I didn't want to have a problem of not letting it, so to speak, all be presented what you had. And then obviously on my own prerogative thereafter, stretching the rules a little bit, I thought, allowing some of this testimony, then *I struck the testimony because I really felt that even with that there it was of no help and it shouldn't have originally come in.* But I wanted to see just what was going to be said." (Emphasis added.)

[3] The plaintiff argues on appeal that the trial court's sua sponte striking of the testimony of the expert witnesses *after* she had rested her case was "inappropriate and inequitable" because it deprived her of an opportunity

The plaintiff, failed, however, to raise this specific claim in the trial court, either at the time the trial court struck such testimony, or in her motion to set aside the verdict. See Practice Book § 4185. In order to obtain a full appellate review of claims of error in civil jury cases, the plaintiff must raise those claims with the trial court in its motion to set aside the verdict "to provide the trial court with an opportunity to pass on claims of error which may become the subject of an appeal." *Kolich* v. *Shugrue,* 198 Conn. 322, 325, 502 A.2d 918 (1986); see also *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–16, 441 A.2d 163 (1981). The record reflects that in the hearing on her motion to set aside the verdict, and in her memorandum in support of such motion, the plaintiff claimed that the trial court erred in striking such expert testimony because the "witnesses were properly qualified in the course of the trial as expert witnesses" and because any "objections to that testimony [would] go to the weight of that testimony rather than to its admissibility." No reference was made to the timing of the trial court's sua sponte striking of the testimony of the plaintiff's witnesses.

to remedy the situation by producing additional expert testimony or asking for a continuance. She further claims that she had relied upon the trial court's previous rulings overruling the defendants' objections to the introduction of such testimony, and that the dilatory action of the trial court "unfairly denied the plaintiff her constitutional right to have disputed issues heard by a jury."

The plaintiff asserts that because counsel must make timely as well as specific motions to strike, the trial court should be held to the same standard when acting sua sponte. She relies upon the holding in *Cafarella* v. *Char,* 1 Hawaii App. 142, 615 P.2d 763 (1980), as support for her claim. In *Cafarella,* the Hawaii Appellate Court determined that the trial court erred in striking, sua sponte, expert testimony three days after the granting of a directed verdict in the defendant's favor. That case, however, is inapposite to the present case. The court in that case merely held that according to Hawaii precedent, the proper procedure to be used was a motion to strike; id., 145, citing *Territory* v. *Lee Chee,* 31 Hawaii 587 (1930); and that it was error for the trial court to disqualify an expert witness after both sides had rested and a motion for directed verdict had been granted. Such circumstances are not presented in this case.

The trial court, therefore, was not alerted to the specific claim of error now raised by the plaintiff on appeal. The failure of the plaintiff to mention this claimed error at the time of the postjudgment motion "causes our review to be limited to that of plain error." *Shenefield* v. *Greenwich Hospital Assn.*, 10 Conn. App. 239, 242–43 n.3, 522 A.2d 829 (1987). Such review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1986). An examination of the record in the present case fails to disclose any such plain error. It is unnecessary, therefore, to review the plaintiff's remaining claim of error.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] Even if the expert testimony were not stricken, however, a directed verdict would have been warranted in this case. In order to prevail in an action for medical malpractice, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. *Pisel* v. *Stamford Hospital*, 180 Conn. 314, 334, 430 A.2d 1 (1980). The plaintiff presented no evidence as to what occurred during the surgical procedure and completely failed to identify any specific act of negligence on the part of any person. It would have been impossible, therefore, for the jury to find that the defendants had deviated from the requisite standard of care based upon the evidence presented by the plaintiff.

Furthermore, the jury could not have found that there was a causal connection between the alleged deviation and the claimed injury of the plaintiff. The fact that the plaintiff's operation was followed by an injury is not sufficient to establish negligence. See *Krause* v. *Bridgeport Hospital*, 169 Conn. 1, 7, 362 A.2d 802 (1975). The plaintiff is not entitled to rely upon the doctrine of res ipsa loquitur. Id., 8.