EMMA VOIGHT ET AL. *v.* MARK SELMAN ET AL.
(4734)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 4, 1987—decision released April 19, 1988

*Augustus R. Southworth III,* for the appellant (named defendant).

*Joseph A. Mengacci,* for the appellee (named plaintiff).

DUPONT, C. J. This is an appeal from the judgment rendered on a jury verdict in an action for damages stemming from an automobile accident. The action was brought in four counts by Emma Voight and her husband, Richard F. M. Voight, against the defendants, Mark A. Selman, Edwin E. Drew, Jr., and Edwin E. Drew. The plaintiffs alleged personal injuries, loss of consortium, and financial losses arising from a collision between an automobile driven by the named plaintiff, Emma Voight, and two other automobiles, one driven by Selman and the other driven by Edwin E. Drew, Jr. A verdict was returned in favor of Emma Voight (hereinafter the plaintiff) on the counts alleging personal injuries. The named defendant, Mark A. Selman (hereinafter the defendant), appeals from the judgment rendered on that verdict.

The defendant claims that the trial court erred (1) in restricting his cross-examination of one of the plaintiff's witnesses, (2) in admitting evidence and charging the jury on the plaintiff's alleged permanent injuries, (3) in charging the jury on an alleged aggravation of a pre-existing condition, and (4) in refusing to set aside the verdict as excessive.

The gravamen of the defendant's first claim of error is that he should have been allowed to cross-examine a police officer, who had been called by the plaintiff as a witness, on the contents of an accident report which the officer had prepared and which the plaintiff had introduced into evidence. Before addressing the merits of this claim, we initially consider whether, as the plaintiff contends, our review of the issue is limited to ascertaining whether there has been "plain error." Practice

Book § 4185; *Atlantic Richfield* v. *Canaan Oil Co.,* 202 Conn. 234, 250, 520 A.2d 1008 (1987). The plaintiff asserts that the defendant did not alert the trial court to this claim with sufficient specificity in his motion to set aside the verdict. In that motion, the defendant stated, inter alia, that the verdict should be set aside "[b]ecause of errors in evidentiary rulings."

In order to preserve full review of a trial ruling assigned as error in an appeal from a judgment rendered upon a jury verdict, it is incumbent upon the appellant to move to set aside the verdict. *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988). Where this is not done, we are restricted in our review of that claim of error to the standard of plain error. *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 514–15, 441 A.2d 163 (1981). The purpose of this rule is "to provide an opportunity for the trial court to pass upon claims of error which may become the subject of an appeal." Id.

The defendant in this case did move to set aside the verdict but did not call the trial court's attention to any particular error in an evidentiary ruling. Numerous evidentiary rulings are made in the course of a trial to which objections are made and overruled, and exceptions taken. A sweeping statement in a motion that the verdict should be set aside because of errors in evidentiary rulings does not provide the trial court with any opportunity to rule upon a claim of error which later becomes the subject of an appeal. *Mozzer* v. *Bush,* 11 Conn. App. 434, 437, 527 A.2d 727 (1987); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 243 n.3, 522 A.2d 829 (1987). If a motion to set aside a verdict states only that errors in evidentiary rulings were made and that motion is accompanied by neither a brief nor oral argument citing particular claimed errors, we hold that appellate review is limited to the standard of plain error. To hold otherwise would be to require

a trial court to determine for itself what undefined and unspecified judicial error in an evidentiary ruling will prove on appeal to be the needle in the trial haystack.

When reviewing for plain error, we look only for " 'manifest injustice amounting to plain error under all the circumstances.' *Valley* v. *Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982)." *Small* v. *South Norwalk Savings Bank,* supra, 760. Applying that standard in this case, we can find no error that "is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *Mozzer* v. *Bush,* supra, 438.

The defendant next argues that the trial court erred in failing to exclude testimony regarding the plaintiff's alleged permanent injuries and in charging the jury with regard to such permanent injuries. The defendant bases this argument on his contention that the plaintiff failed to disclose, prior to trial, either the identity of the two physicians who testified as to her permanent injuries or their ratings as to the degree of her permanent impairment. We decline to review this issue as it relates to one of the physicians, an ear, nose and throat specialist, who testified as to permanent impairment of the plaintiff's hearing function. The record reveals that the defendant never objected to his testimony on the basis of the plaintiff's failure to disclose either his identity or his evaluation of the permanency of the plaintiff's hearing loss. See *Aetna Life & Casualty* v. *Miscione of Connecticut, Inc.,* 193 Conn. 435, 437, 476 A.2d 577 (1984).

The testimony of the other doctor, an orthopedic surgeon, was admitted over the defendant's objection. His testimony was that the plaintiff incurred a 65 percent loss in the use of her spine. The defendant's sole objection to this testimony was that the plaintiff had not pro-

vided him with any information concerning the doctor's evaluation of the plaintiff's permanent disability prior to the trial. The defendant argues now that, in the absence of any such disclosure, this testimony constituted prejudicial surprise.

After the defendant voiced his objection, the jury was excused and the trial court questioned the witness and the attorneys with regard to the pretrial disclosure, if any, of the plaintiff's disability rating by the surgeon. The questioning disclosed that the doctor had never prepared a written report containing such a rating, even though the plaintiff's lawyer had twice requested that he provide one.

Practice Book § 232 imposes a continuing duty upon a party to disclose to the other side new or additional material or information previously requested when the circumstances are such that a failure to provide further disclosure would constitute a knowing concealment. Sanctions, including the exclusion of evidence, may be imposed when that duty is breached. Practice Book § 231. Whether to employ the sanctions of Practice Book § 231 and exclude the evidence not disclosed lies within the discretion of the trial court. *Kemp* v. *Ellington Purchasing Corporation,* 9 Conn. App. 400, 405, 519 A.2d 95 (1986).

In this case, the plaintiff had claimed permanent injuries to her spine from the outset. Permanency was alleged in her complaint. The orthopedic surgeon's identity as an examining physician had been revealed by the plaintiff in answer to the defendant's interrogatories approximately four years prior to the trial. Through the same interrogatories, the defendant was put on notice of the nature of the plaintiff's permanent injuries. Although the defendant knew these facts for a substantial length of time, he nonetheless failed to pursue any avenues, such as a deposition of the surgeon, by

which he might have secured further information. The defendant was in possession of a medical authorization directed to the surgeon and signed by the plaintiff which the defendant could have used to obtain additional information. Moreover, the defendant could have, but did not, request a continuance in order to have the plaintiff examined by a physician of his choice. See *Kevin Roche-John Dinkeloo Associates* v. *New Haven,* 205 Conn. 741, 748, 535 A.2d 1287 (1988). We conclude that the trial court did not abuse its discretion in overruling the defendant's objection and in allowing the witness to testify. Cf. *Sturdivant* v. *Yale New Haven Hospital,* 2 Conn. App. 103, 476 A.2d 1074 (1984). This conclusion is dispositive of the defendant's claim that the trial court erred in charging the jury on the permanency of the plaintiff's injuries.

The defendant's third claim relates to the court's jury charge on an alleged aggravation of a pre-existing condition. The plaintiff's complaint alleged that "she had suffered and was treated for a prior heart condition and immediately following said accident, she had multiple episodes of chest pain which required her to take medication which made her extremely apprehensive." The allegation of the plaintiff can be read as an assertion that the plaintiff, as a result of the defendant's negligence, suffered an aggravation of a pre-existing heart condition, as manifested by multiple episodes of heart pain. The defendant claims that insufficient evidence was introduced to support this allegation, and that the court, therefore, should not have charged the jury that the plaintiff was entitled to damages for the claim if she proved that the defendant's negligence was the proximate cause of the aggravation.

Although the defendant excepted to the charge, he has not complied with Practice Book § 4065 (d) (2) which requires that when an error is claimed in the charge

to a jury, "the brief or appendix *shall* include a verbatim statement of all relevant portions of the charge *and all relevant exceptions to the charge.*" (Emphasis added.) The defendant, in his brief, has quoted a portion of the charge, but has not set forth any exception to the charge in either his brief or an appendix thereto. Because the defendant has failed to comply with the mandatory procedure established by § 4065 (d) (2), we decline to review this claim.[1] *Weintraub* v. *Richard Dahn, Inc.,* 188 Conn. 570, 571–72, 450 A.2d 351 (1982); *Echols* v. *Balck,* 9 Conn. App. 620, 621, 520 A.2d 651 (1987).

The defendant's remaining claim of error is that the trial court erred in refusing to set aside the verdict as excessive because the jury should not have been permitted to consider evidence as to either the aggravation of her pre-existing condition or the permanency pertaining to the injuries to her cervical spine and hearing function. In view of the disposition of the defendant's other claims of error, this claim has no merit.

There is no error.

In this opinion the other judges concurred.

---

[1] In any case, a review of the transcript and exhibits reveals that there was evidence of the causal relation between the injury and the physical condition of the plaintiff. Although the defendant argues that the testimony of a cardiologist who examined the plaintiff was inadequate to support the plaintiff's allegation of an aggravation of a pre-existing condition, there was other evidence to support the causal connection. That evidence consisted of the testimony of an orthopedic surgeon and hospital records, including a discharge summary of a third doctor which stated that the plaintiff had multiple episodes of chest pain and that her complaints of such pain persisted throughout her hospitalization. Taken together, the testimony of the doctors and the hospital records were sufficient for the court to have charged as it did.