**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000625
27-JUN-2025
08:02 AM
Dkt. 74 SO**

NO. CAAP-24-0000625

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF J.H.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 21-00135)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and Guidry, JJ.)

Father-Appellant J.C. (**Father**) appeals from the Order Terminating Parental Rights (**TPR Order**), entered on September 10, 2024, in the Family Court of the First Circuit (**Family Court**).[1] The TPR Order, among other things, terminated Father's parental rights to his minor child, J.H. Father also challenges various aspects of the Family Court's November 4, 2024 Findings of Fact and Conclusions of Law (**FOFs/COLs**).

More specifically, Father challenges FOFs 114, 218, 219, 220, 225, and 226 and COLs 265 and 266. He argues that the Family Court erred in: (1) finding that Petitioner-Appellee Hawaiʻi Department of Human Services (**DHS**) made reasonable efforts to aid him in reunifying with J.H.; (2) concluding that Father was not able to provide J.H. with a safe family home at the date of the hearing on DHS's motion to terminate parental rights, and would not be able to do so within a reasonable period of time; and (3) accepting an offer of proof in lieu of testimony by one of Father's witnesses at the hearing on DHS's motion to

---

[1] The Honorable Lesley N. Maloian presided.

terminate parental rights.[2]

        After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Father's contentions as follows, and affirm.

        (1) Father contends that the Family Court clearly erred in finding that DHS made reasonable efforts to reunify him with J.H.  He appears to challenge FOFs 218, 225, and 226 on this basis.

        "DHS is under an obligation to provide a reasonable opportunity to parents through a service plan to reunify the family."  In re Doe, 100 Hawai‘i 335, 343, 60 P.3d 285, 293 (2002).  Here, the following uncontested FOFs describe or discuss DHS's reasonable efforts to reunify Father with J.H.:  FOFs 39, 44-45, 48, 53, 57, 62-64, 67-68, 71-72, 74-76, 81, 86-87, 93-94, 100-01, 110-11, 202-214.  See Balogh v. Balogh, 134 Hawai‘i 29, 33 n.3, 332 P.3d 631, 635 n.3 (2014) (the family court's uncontested findings of fact are binding on appeal (citing Bremer v. Weeks, 104 Hawai‘i 43, 63, 85 P.3d 150, 170 (2004))).

        Father argues that DHS did not make reasonable efforts because it did not update the service plan created for him on June 29, 2022, and did not visit him at Habilitat during his six months of residency there prior to trial.  However, Father was incarcerated for much of the period from June 29, 2022, to the September 10, 2024 TPR trial, and did not complete the services prescribed in the service plan.[3]  There was therefore no reason to update the plan.  From the record, it appears that Father's failure to complete services was due at least in part to his repeated periods of incarceration, not DHS's lack of reasonable efforts.  See In re Doe, 100 Hawai‘i at 343, 60 P.3d at 293.

        The record further reflects that DHS made reasonable efforts to communicate with Father during the six-month period

---

        [2]    Father's points of error have been restated and reordered for clarity.

        [3]    Father does not challenge FOF 203, which found that he was incarcerated from August 2021 to April 4, 2023 for three felony criminal cases.  He does not challenge FOF 209, which found that he did "not participate in or complete any services offered by DHS."

between his release from Oahu Community Correctional Center in March 2024 and the September 10, 2024 TPR trial. At a July 31, 2024 pretrial hearing, counsel for DHS represented that Father's case worker, Melissa Lubick (**Lubick**), made a number of attempts to contact Father at Habilitat, but could not speak with him because he did not put her on his contact list. The Family Court therefore instructed Father to sign a consent to enable Lubick to contact him. Later, at the TPR trial, Father admitted that he had only signed the consent about two or three weeks prior to trial.[4]

On this record, we conclude that substantial evidence supported the challenged FOFs. They are not clearly erroneous.

(2) Father challenges FOFs 219 and 220, and COLs 265 and 266, which determined that "Father is not presently willing and able to provide [J.H.] with a safe family home, even with the assistance of a service plan[,]" and that "[i]t is not reasonably foreseeable that Father will become willing and able to provide [J.H.] with a safe family home, . . . within a reasonable period of time."

HRS § 587A-33(a) (2018), part of the Child Protective Act, governs the termination of parental rights. It provides, in pertinent part:

> **§ 587A-33  Termination of parental rights hearing.**
> (a) At a termination of parental rights hearing, the court shall determine whether there exists clear and convincing evidence that:
>
> (1)  A child's parent whose rights are subject to termination is not presently willing and able to provide the parent's child with a safe family home, even with the assistance of a service plan;
>
> (2)  It is not reasonably foreseeable that the child's parent whose rights are subject to termination will become willing and able to provide the child with a safe family home, even with the assistance of a service plan, within a

---

[4]  We further note that because J.H. entered into foster care on September 1, 2021, by the time Father entered Habilitat in March 2024, the two-year time frame to achieve reunification under Hawaii Revised Statutes (**HRS**) § 587A-33(a)(2) had already been exceeded. See In re Interest of KJ-I, No. CAAP-20-0000715, 2021 WL 3855772, at *8 (Haw. App. Aug. 30, 2021) (holding father's contention that DHS failed to provide him with services for a six-month period lacked merit, when the two-year time frame to provide a safe family home had already run before the six-month period).

                    reasonable period of time, which shall not
                    exceed two years from the child's date of entry
                    into foster care[.]

The record in this case, including multiple uncontested FOFs, supports FOFs 219 and 220 and COLs 265 and 266.  Father admitted that J.H. could not reside with him at Habilitat.  The Family Court found at FOF 204 that Father would not earn a clinical discharge from Habilitat until 2.5 years after his admittance in March 2024.  The court determined at FOF 212 that "Father has no insight into his recurring problems with substance abuse and domestic violence with Mother, and his inability to safely care for [J.H.]"  FOF 214 stated that based on the expert testimony of DHS social workers and the other credible evidence, Father "has not demonstrated his ability to provide a safe family home with the assistance of a service plan within a reasonable time period."  FOF 229 stated that "[n]one of the underlying facts upon which the DHS based its opinions, assessments and recommendations were shown to be unreliable or untrustworthy." These unchallenged FOFs show that regardless of whether Father was "presently willing" to provide a safe family home at the time of the TPR trial, the Family Court was correct in determining that he was unable to do so.  Additionally, at the time of the TPR trial, Father had already significantly exceeded the two-year time frame under HRS § 587A-33(a)(2) to provide a safe family home.  See In re J.H., 152 Hawaiʻi 373, 379, 526 P.3d 350, 356 (2023) ("Parents have two years from a child's entry into foster custody to become willing and able to provide a safe family home.").

On this record, the Family Court did not clearly err in finding clear and convincing evidence that Father was not presently, nor in the reasonably foreseeable future, willing and able to provide J.H with a safe family home.

(3)  Father challenges the Family Court's acceptance of an offer of proof in lieu of live testimony by his witness, P.T., and relatedly, challenges FOF 114, which states that the Family Court heard from P.T. "by offer of proof."

Father's challenge fails as an initial matter because Father neglected to list P.T. as a trial witness in his pretrial

4

statement, as required by Hawaiʻi Family Court Rules (**HFCR**) Rule 94.3(a)(1).  Although Father's counsel initially claimed P.T. was a rebuttal witness, it is clear from the offer of proof that P.T. was being called as part of Father's case-in-chief.  In interpreting Rules of the Circuit Courts of the State of Hawaiʻi Rule 18(a)(1), which is identical to HFCR Rule 94.3(a)(1), this court has recognized that "Rule 18(a)(1) . . . must be scrupulously followed if we are to have fair trials."  Boudreau v. General Elec. Co., 2 Haw. App. 10, 16, 625 P.2d 384, 389 (1981) (citing Cafarella v. Char, 1 Haw. App. 142, 147, 615 P..2d 763, 768 (1980)).

In addition, the trial transcript indicates that the Family Court and all parties accepted Father's offer of proof as to P.T.'s testimony.  Father fails to demonstrate any prejudice arising from the Family Court's acceptance of the offer of proof rather than live testimony.  Father claims "[c]ompletion of services is a factor in a termination trial" under HRS § 587A-7.  However, at the time of trial, Father had only completed six months of a two and one-half year substance abuse program.  P.T.'s testimony had no bearing on whether Father was presently, or in the reasonably foreseeable future, able to provide J.H with a safe family home.

On this record, we conclude that FOF 114 is not clearly erroneous.

For the reasons discussed above, the Order Terminating Parental Rights, entered on September 10, 2024, in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 27, 2025.


On the briefs:

Crystal M. Asano
for Father-Appellant.

Kurt J. Shimamoto,
Julio C. Herrera,
Regina Anne M. Shimada, and
Abigail D. Apana,
Deputy Attorneys General,
for Petitioner-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

Jamie L. DeMello
(Legal Aid Society of Hawai'i),
Guardian Ad Litem