PAUL T. BIAGIONI *v.* AETNA LIFE AND CASUALTY COMPANY ET AL.
(6585)

BORDEN, FOTI and NORCOTT, Js.

Submitted on briefs September 20—decision released October 25, 1988

---

*Salvatore Bonanno* filed a brief for the appellant (plaintiff).

*Robert M. LaRose* and *Jaime B. Thomas,* law student intern, filed a brief for the appellees (defendants).

NORCOTT, J. In this negligence action, the plaintiff appeals from the judgment rendered on a jury verdict in his favor. On August 15, 1984, the plaintiff, while driving his motorcycle, collided with a van owned by the named defendant on Old Windsor Road in the town of Bloomfield. The plaintiff brought suit to recover damages for injuries he suffered as a result of the defendants' negligence, including medical expenses, lost wages, property damage, and pain and suffering.

After a trial to the jury, a general verdict in the amount of $2069.84 was awarded to the plaintiff, $1744.84 as compensation for his injuries and $325 for his property damage. The plaintiff submitted no interrogatories to the jury and did not request that the trial court order the jury to reconsider the verdict. The only requests the plaintiff made after the verdict was rendered were an unsuccessful motion to set aside the verdict[1] and a successful motion for extension of time in which to file the appeal.

On appeal, the plaintiff claims that the trial court erred (1) in accepting the jury verdict without requiring the jury to reconsider the damages, (2) in refusing to order an additur, and (3) in refusing to set aside the jury verdict.

"It is an established rule of appellate practice in this state that in order to obtain a full review of claims of error in civil jury cases, parties must raise those errors with the trial court and file a motion to set aside the verdict." *Kolich* v. *Shugrue,* 198 Conn. 322, 325, 502

---

[1] The plaintiff also moved for articulation of the trial court's denial of his motion to set aside the verdict.

A.2d 918 (1986); Practice Book § 4185. This rule is designed to afford the trial court an opportunity to correct any errors that may have occurred at trial before the appellate process begins. See *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 759, 535 A.2d 1292 (1988). In this case, the plaintiff moved to set aside the verdict but did not include either of his first two claims of error within that motion. He never requested that the trial court order the jury to reconsider its verdict before it was dismissed, and the verdict was returned and accepted without objection. Nor did he request at trial that the court order an additur. The plaintiff's failure to raise these claims for the consideration of the trial court precludes him from raising them in this appeal.

With respect to the plaintiff's final claim of error, we must determine only " 'whether the trial court abused its discretion in denying the plaintiff['s] motion to set aside the verdict. Such a decision "can be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury. [Maltbie,] Conn. App. Proc., p. 151." *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A.2d 161 (1943).' " *Sepe* v. *Deemy,* 9 Conn. App. 524, 528, 520 A.2d 237 (1987), quoting *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). In the present case, the jury returned a general verdict after which the plaintiff filed a very brief and general motion to set aside the verdict, claiming that the verdict was inadequate and contrary to the law and the evidence presented. The trial court found no indication that the jury's verdict was a result of mistake, partiality, prejudice or corruption, and found no circumstances requiring the court to disturb the jury verdict. On our review of the entire record, we agree with the trial

court. Nothing in the evidence supports the plaintiff's claim that the jury's award did not fall somewhere within the necessarily uncertain limits of just damages, or that it shocked the sense of justice. See *Zarrelli* v. *Barnum Festival Society, Inc.,* supra. "Furthermore, a parsimonious jury award is not inadequate as a matter of law." *Shea* v. *Paczowski,* 11 Conn. App. 232, 235, 526 A.2d 558 (1987).

There is no error.

In this opinion the other judges concurred.