J.R. GIONFRIDDO *v.* CARTER-HOWE
DEVELOPMENT CORPORATION
(10227)

NORCOTT, FOTI and LANDAU, Js.

Argued March 24--decision released June 9, 1992

*Philip L. Steele,* for the appellant (plaintiff).

*Harold R. Cummings,* with whom, on the brief, was *Vincent J. Purnhagen,* for the appellee (defendant).

FOTI, J. The plaintiff brought this action against the defendant landlord for breach of a lease agreement, misrepresentation, and unfair trade practices under General Statutes § 42-110b (a) of the Connecticut Unfair Trade Practices Act (CUTPA). The jury found in favor of the plaintiff on the breach of contract claim and awarded $18,750 in damages. The jury found in favor of the defendant on the misrepresentation and CUTPA claims and awarded the defendant $51,616.96 on its counterclaim for rental payments. The plaintiff

filed a motion to set aside the verdict which was denied by the court. The plaintiff now appeals to this court from the judgment of the trial court.

The following facts are pertinent to this appeal. In December, 1984, the plaintiff, a radiologist, entered into negotiations with the defendant corporation concerning a lease for office space in a professional building being constructed by the defendant on Dale Road in Avon. The plaintiff intended to open an office that would provide both walk-in X-ray and medical treatment and diagnostic imaging and mammography services. During the course of the negotiations, Joseph Carter, president of the defendant corporation, promised on behalf of the defendant to erect a sign at the entrance to the professional building reading "Walk-in X-ray & Medical Treatment Center–Avon Diagnostic Imaging & Mammography Service." The defendant further agreed in an addendum to the lease that it would erect a second sign in the building's lobby and a third on the first floor of the building where the plaintiff's office was to be located. The plaintiff signed the lease and remitted $15,000 to the defendant for improvements to be made to the premises.

The defendant submitted a sign application to the Avon planning and zoning commission for approval. The sign application made no reference to the wording "Avon Diagnostic Imaging & Mammography Service," however, and it did not specify the treatment center as an "X-ray and Medical" treatment center. The commission rejected the defendant's sign application. For the next several months, the defendant made further efforts to erect an alternative sign on the property a few feet in from Dale Road. These attempts also proved unsuccessful. At this time, the plaintiff had not yet moved into the office space.

The parties met in September, 1985, at which time the defendant's attorney reassured the plaintiff that the defendant would be able to obtain approval from the town for a sign at the entrance to the building. In January, 1986, however, with no approval from the town regarding a sign on Dale Road, the plaintiff indicated that he wanted to cancel the deal and get his money back. In response, the defendant promised to "continue efforts to get a sign at the entrance" and to put a sign on the building itself that would be visible from the street. The plaintiff took possession on April 1, 1986. The defendant then erected a sign on a retaining wall connected to the building. No sign was ever erected at the entrance to the building.

On appeal, the plaintiff claims that the trial court improperly (1) failed to charge the jury that it was to decide whether the defendant intended to erect the signs specified in the addendum to the lease agreement, (2) charged the jury that it must decide whether the defendant represented that the sign would be on the building or on a retaining wall, (3) failed to instruct the jury that an injury from an unfair trade practice does not have to be to a consumer but may be to a business person as well, and (4) abused its discretion in permitting the defendant to amend its counterclaim during the trial to include a claim for use and occupancy. We affirm the judgment.

In considering the plaintiff's appeal, we note, as a threshold matter, that " '[i]t is an established rule of appellate practice in this state that in order to obtain a full review of claims of error in civil jury cases, parties must raise those errors with the trial court and file a motion to set aside the verdict.' " *Biagioni* v. *Aetna Life & Casualty Co.,* 16 Conn. App. 690, 691, 549 A.2d 279 (1988), quoting *Kolich* v. *Shugrue,* 198 Conn. 322, 325, 502 A.2d 918 (1986). The purpose of this rule is "to provide an opportunity for the trial court to pass

upon claims of error which may become the subject of an appeal." *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 514, 441 A.2d 163 (1981); *Jacobs* v. *Thomas,* 26 Conn. App. 305, 311, 600 A.2d 1378 (1991), cert. denied, 221 Conn. 914, 603 A.2d 404 (1992). "In order to preserve full appellate review of a jury charge assigned as error, an appellant must not only move to set aside the verdict; *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988); but must also set forth, either in the motion itself, in supporting briefs, or in oral argument at a hearing held on the motion, each claim of error with sufficient specificity to enable the trial court to consider the claimed errors. *Voight* v. *Selman,* 14 Conn. App. 198, 200, 540 A.2d 104 (1988); see also *Pietrorazio* v. *Santopietro,* [supra,] 514–15; *Mozzer* v. *Bush,* 11 Conn. App. 434, 437, 527 A.2d 727 (1987); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 243 n.3, 522 A.2d 829 (1987)." *Cuartas* v. *Greenwich,* 14 Conn. App. 370, 374–75, 540 A.2d 1071 (1988). Where a claimed error on appeal was not specifically addressed in any briefs or argument in support of a motion to set aside the verdict, appellate review of that claim is limited to plain error review. Practice Book § 4185; *Cuartas* v. *Greenwich,* supra.

In this case, the plaintiff moved to set aside the verdict but did not address in that motion[1] any of the claims presently before us on appeal. The plaintiff's failure to raise these issues at the time of the postjudgment motion " 'causes our review to be limited to that of plain error.' " *Mozzer* v. *Bush,* supra, 438, quoting *Shenefield* v. *Greenwich Hospital Assn.,* supra, 242–43 n.3. "Such review is reserved for truly extraordinary

---

[1] In his motion to set aside the verdict, the plaintiff moved (1) to increase the amount of the award of damages for breach of contract, (2) to set aside the verdict on the CUTPA claim as contrary to the evidence, and (3) to remit damages awarded to the defendant on its counterclaim for rental payments under the lease on the grounds that the amount was excessive and contrary to the evidence.

situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *State* v. *Jeffrey,* 220 Conn. 698, 710–11, 601 A.2d 993 (1991). We consider the plaintiff's claims in the light of this "rarefied standard of review." *Small* v. *South Norwalk Savings Bank,* supra, 759.

The plaintiff's first two claims concern the trial court's charge to the jury on the issues of fraud and misrepresentation. The plaintiff first claims that the trial court incorrectly failed to charge the jury that "it was to decide whether the defendant intended to erect the specific signs he said he would erect for plaintiff pursuant to the lease addendum." The plaintiff maintains that the defendant fraudulently misrepresented his intent in order to induce the plaintiff to sign the lease. The trial court instructed the jury to decide whether the defendant knew when he entered into the agreement that the town of Avon would not permit him to erect a sign either on the street or a few feet inside the driveway.

The plaintiff also claims that the court improperly charged the jury that "it was to decide whether the defendant represented that the sign it would erect would be on the building or on the retaining wall." The plaintiff maintains that the trial court should have further instructed the jury to determine whether the defendant intended to erect a sign large enough to be seen from the street. The plaintiff maintains that the defendant fraudulently represented that the sign would be visible from the street in order to induce the plaintiff to move into the premises and begin paying rent.

We have reviewed the transcripts and conclude that the trial court properly instructed the jury on fraud and misrepresentation. The instructions were detailed, suf-

ficient and correctly stated the law. The plaintiff offers no persuasive authority to demonstrate that the jury charges on these issues were contrary to the law. *Costanzo* v. *Hamden,* 18 Conn. App. 254, 264, 557 A.2d 1279 (1989). The trial court's failure to instruct the jury exactly as the plaintiff requested did not, in this case, rise to "any manifest injustice amounting to plain error under all the circumstances." *Valley* v. *Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982).

The plaintiff next claims that the trial court improperly failed to instruct the jury that an injury arising from an unfair trade practice under CUTPA need not be to a consumer but may be to a business person as well. This claim lacks merit. The trial court's jury charge on the plaintiff's CUTPA claim included all of the necessary elements of proof under General Statutes § 42-110b (a). The court's failure to include in its charge the phrase "business person" as requested by the plaintiff does not rise to the level of plain error such as to call into question "the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* supra.

Finally, the plaintiff claims that the trial court abused its discretion in allowing the defendant to amend its counterclaim during the trial to include a claim for use and occupancy. The plaintiff argues that the amendment to the counterclaim injected a new issue into the trial, that is, the determination of the fair rental value of the premises. See General Statutes § 47a-3c. A trial court has broad discretion to allow an amendment to pleadings before, during, or even after trial in order to conform to the proof. *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 67, 485 A.2d 1296 (1985); *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979). " 'The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of

the facts of the particular case.' " *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983), quoting *Tedesco* v. *Julius C. Pagano, Inc.*, 182 Conn. 339, 341–42, 438 A.2d 95 (1980). We will not overturn the trial court's ruling unless an abuse of discretion is clearly evident. *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, supra. We find no abuse of discretion in the trial court's action, and, thus, conclude that the court properly allowed the defendant to amend its counterclaim.

The judgment is affirmed.

In this opinion the other judges concurred.