[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: PLAINTIFF'S AMENDED MOTION TO SET ASIDE VERDICT
Plaintiff moves the court to set aside the verdict claiming that it is against the weight of the evidence and illegal. CT Page 10256 However, a verdict is to be set aside only when the jury could not reasonably and legally have reached their conclusion. Bound Brook Association v. Norwalk, 198 Conn. 660, 667 (1986).
After review, the court finds that the evidence presented at trial in the instant case, furnished a reasonable basis for that conclusion.
From the facts in evidence, the jury could have found that the plaintiff was negligent when she stopped her automobile in an active lane of traffic, while allowing another vehicle to enter same, without first having checked her rear view mirror for following traffic. While she claimed to have done so at the time and not to have seen defendant's vehicle close behind her, the jury could have disregarded that assertion and found from the evidence, that had she used her rear view mirror as claimed, she would have seen defendant closing behind her and would have realized that stopping, as she did, would cause or aid in causing a collision.
As a second part of her motion, plaintiff requests that an additur be ordered. However, an additur is not to be ordered where the jury's award is reasonable; that is to say, that the award falls somewhere within the uncertain limits of just damages and does not shock the court's sense of justice. Bisgioni [Biagioni] v. Aetna Life Casualty Co., 16 Conn. App. 690, 693
(1988). Such is the case with the reasonable award in the instant matter.
Therefore, and in accordance with the foregoing, plaintiff's Amended Motion to Set Aside is denied.
/s/ West, J. WEST, J.