[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE VERDICT (#132)
On September 19, 1995, the plaintiff, Katherine Hill recovered a verdict in the amount of $110,000.00 against the defendants John W. Forno, Mario Forno and James R. Davis. The jury awarded $10,000 for economic damages and $100,000 for non-economic damages. The jury found John Forno 80% responsible and James R. Davis 20% responsible. The plaintiff was a passenger in the Forno vehicle which was proceeding easterly on Steele Road CT Page 11900 in the Town of New Hartford. A collision occurred on Route 219 between the Forno vehicle and the Davis vehicle which was proceeding northerly on Route 219. The defendants have filed a motion to set aside based namely on a claim of excessiveness.
 I.
The defendants, Forno claim that the trial court abused its discretion in allowing the plaintiff to amend her complaint during the course of the trial. In paragraph 4, a of her complaint, the plaintiff alleged that Mr. Forno was negligent "in that he violated section 14-245[1] of the Connecticut General Statutes, by failing to grant the right of way at the intersection to the motor vehicle operated by James R. Davis." The court pointed out to the attorney that while § 14-245
refers to granting the right of way, the proper section in this case since Steele Road was controlled by a stop sign was §14-301[2].
A trial court has broad discretion to allow an amendment to pleadings before, during or even after trial to conform to the proof. Voll v. Lafayette Bank Trust Co., 223 Conn. 419 (1992),Johnson v. Ivimey, 3 Conn. App. 392 (1985). "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case." Gionfriddo v. Carter-Howe Development Corp.,27 Conn. App. 706 (1992). "Whether to allow an amendment is a matter left to the sound discretion of the trial court. An appellate court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." Voll at 433.
The plaintiff's amendment did not prejudice Mr. Forno on the merits of this case. In the present case, traffic travelling on Steele Road is controlled by stop signs when it intersects Route 219, while traffic travelling on 219 at the intersection with Steele Road has no control signs or signals. Therefore, traffic travelling on Route 219 at its intersection with Steele Road has the right of way. The parties were aware during the trial that the only traffic controls were the stop signs located on Steele Road at its intersection with Route 219.
The plaintiff in her complaint, Count Two, as to defendant, John Forno, incorrectly cited Connecticut General Statute §14-245, and therefore brought a Motion For Leave To Amend to CT Page 11901 change § 14-245 to § 14-301. C.G.S. § 14-245 pertains to the right of way at an intersection where there are no traffic controls or stop sign, while § 14-301 of the C.G.S. applies to the right of way where one road of the intersection is controlled by a stop sign. The plaintiff's amendment did not change her cause of action, negligence, but merely conformed said pleadings to the proof offered to trial.
During the course of trial and once the plaintiff filed her Motion for Leave To Amend, Amended Complaint and the Plaintiff's Request to Charge on C.G.S. 14-301, and the trial court indicated its intent to give the § 14-301 instruction, the defendants were on notice that the jury and the court would consider §14-301 in deciding the merits of the plaintiff's case. There was no objection or exception taken by counsel for either defendant to the court's charge to the jury.
 II
In the instant case, the evidence presented at trial supports the jury's verdict and the court should not set their verdict aside. "The trial court should not set a verdict aside where there was some evidence upon which the jury could reasonably have based its verdict." Young v. Falk, 34 Conn. App. 852 (1994); AmericanNational Fire Insurance Co. v. Schuss, 221 Conn. 768, 607 A.2d 418
(1992).
 "While the trial court has broad discretion to set aside verdicts, it should be mindful that, limiting that discretion, however, is the litigant's constitutional right to have factual issues resolved by the jury. The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-mind persons passed upon by the jury and not by the court. Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." CT Page 11902
Caciopoli v. Acampora, 30 Conn. App. 327 (1993); Benny v.Loiseau, 223 Conn. 786, 614 A.2d 414 (1992).
In this case, the jury could have reasonably found the following facts. On January 31, 1992, Katherine Hill was a 17 year old high school student, who was working part time to support herself; that on said date she was a rear seat passenger in a car that was involved in a serious accident at the intersection of Steele Road and Route 219 in the Town of New Hartford, Connecticut; that the point of impact was located directly where Katherine Hill was seated; that the impact of the collision was so great that it spun the car in which Katherine Hill was a passenger in a clockwise manner approximately 90 degrees where it came to a rest after impacting with a vehicle driven by Kathleen Hill which was stopped at a stop sign on the other side of Steele Road. That as a result of the impact, Katherine Hill was thrown about the inside of the passenger compartment of said vehicle, striking her head, shoulders, arms and legs against the interior of the car; that from the testimony of John Forno, Katherine Hill was suffering a great deal of pain immediately following the impact of the motor vehicles. That at one point immediately following the collision, Katherine Hill lost feeling in her arms and legs. That she had to be removed from the vehicle on a board by emergency rescue personnel; that Katherine Hill was transported by ambulance to Winsted Memorial Hospital; that Katherine Hill spent the next three weeks following the accident in bed as a result of the injuries she sustained in the accident; that Katherine Hill could not resume her part time employment at Globe Cleaners for a two and one half month period following the accident as a result of the injuries to her shoulder and neck area; that Katherine Hill could not continue her job at the cleaners and as a store clerk because of pain associated with lifting and standing for prolonged periods of time; that shortly after the accident Katherine Hill began suffering from severe right sided headaches two or three times per day. As a result of the accident and resultant injuries, Katherine Hill had to undergo months of physical therapy, years of chiropractic therapy, powerful medications which had a limiting affect on her. A neurologist, Dr. Culligan, who had treated her for over a year and a half was of the opinion that severe right sided headaches complained of were caused by the accident; that said continuing headaches caused Katherine Hill to suffer a 5% of the whole person permanent disability; that Katherine Hill will have to live the rest of her life (58.9 years) with these headaches and as such will have continual pain CT Page 11903 and suffering as a result of the accident; that as a result of the accident, Katherine Hill suffered a 5% permanent disability to her cervical spine; that as a result of the accident Katherine Hill will have continual pain and suffering in that regard.
The defendants offered only one witness to rebut the evidence offered by the plaintiff and only on the subject of Katherine Hill's severe right sided headaches. Dr. Donaldson conducted a one hour IME of Katherine Hill and his opinion directly opposed the testimony offered by the plaintiff's two treating physicians.
"It is well established that the credibility of witnesses and the weight to be accorded their testimony is a matter wholly within the province of the jury." Lemonious v. Burns, 27 Conn. App. 734,609 A.2d 254 (1992). "The fact that certain testimony is uncorroborated, or even contradicted does not make it insufficient to support a verdict if the testimony is believed by the trier." Berry v. Loiseau, supra 786. Therefore, viewing the facts in a light most favorable to Katherine Hill, the jury could have reached the verdict it did, based upon the more credible and weightier evidence as they believed it to be.
The "ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption . . ." Shegog v.Zabrecky, 36 Conn. App. 737 (1995); Champagne v. Raybestos-Manhattan,212 Conn. 509, 592 A.2d 1110 (1989). "The amount of a damage award is a matter particularly within the province of the jury, and the assessment of damages always defies any precise mathematical computation." Shegog, at 752; Hammer v. Mount SinaiHospital, 25 Conn. App. 702 (1991). "When ruling on the defendants' motion for a remittitur, the trial court is required to view the evidence in the light most favorable to sustaining the jury's verdict." Barry v. Loiseau, supra at 786; Oakes v. NewEngland Dairies, Inc., 219 Conn. 1, 591 A.2d 1261 (1991).
The jury in this case heard extensive evidence with regard to the severity of the accident. They heard of the pain which Katherine Hill suffered to her head, neck, shoulder, arms and ribs immediately following impact. They heard how that pain caused her to be confined to bed for a three week period. They also heard how that pain to her neck prohibited her from CT Page 11904 returning to only part time employment for approximately a two month period following the accident. They heard that shortly after the accident Katherine Hill began experiencing severe right sided headaches daily of a type she had never experienced before. Katherine Hill was treated by Dr. Record who referred her to extensive physical therapy which did not provide significant relief to the pain she suffered in her neck and shoulder area. Katherine Hill sought relief from such pain from Dr. James Downs, a chiropractic physician. He testified that he could feel the tightness in her neck and shoulder region and found trigger point formations, which he called objective findings which indicated the painful condition Katherine Hill was in. Dr. Downs testified he was able to treat the middle back or dorsal region pain Katherine Hill was experiencing, but could not reduce the frequency of the chronic myofacial pain syndrome or neck related headaches which Katherine was continuing to experience. Dr. Downs was of the opinion that Katherine Hill had sustained a 5% permanent partial disability of her cervical spine.
The jury also heard the testimony of Dr. Culligan, a neurologist, who treated Katherine Hill for a period of time exceeding a year and a half. Dr. Culligan was treating Katherine's continued headaches, for which he prescribed medication to lessen their frequency. Dr. Culligan was of the opinion that these accident-related headaches warranted a 5% permanent disability of the whole person, because of the painful effect they had on Katherine Hill. Both Dr. Downs and Dr. Culligan were of the opinion that Katherine Hill would continue to live the rest of her life with these painful headaches. They also testified that Katherine Hill may continue to need the medication and perhaps pain maintenance therapy by Dr. Downs on an as-need basis. By the time of trial, the plaintiff had incurred approximately $6,700.00 in medical expenses, most of which had been for physical therapy and chiropractic treatments. It was stipulated that the plaintiff had a 58.9 year life expectancy.
Taking into consideration the above mentioned evidence regarding her age, life expectancy, the pain she has suffered, her continuing pain associated with her neck and headaches, the jury's award of non-economic damages in the amount of $100,000.00 is fair and just, and falls somewhere within the necessarily uncertain limits of just damages.
The defendant's claim that the jury's award of non-economic CT Page 11905 damages compels a conclusion that the jury was partial and sympathetic to the plaintiff is without merit. It is reasonable for the jury to have concluded that Katherine Hill did not require substantial economic damages for continued chiropractic treatments. In fact, the testimony from Dr. Downs was that the continued therapy would be for pain maintenance. This does not support a conclusion that Katherine Hill will not continue to experience pain in the future but only that there is little she can do to alleviate it. Therefore, the award of $100,000.00 as non-economic damages while generous is not such as to shock the sense of justice.
 III
For the reasons set forth, the defendants' motions to set aside the verdict are denied.
PICKETT, J.