[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is a motion to dismiss by the defendants, the present and former officers and directors of Beachhead Development Corporation (Corporation).[1] The claims alleged against the defendants in the present action were pendant state claims asserted against the same defendants in a federal action. Following dismissal of the federal claims, the defendants were cited into this action as necessary parties by order of the court, Licari, J. The defendants now move to dismiss the CT Page 10528 plaintiff's second amended complaint, dated March 17, 1997, on the ground that the court lacks personal jurisdiction for the following reasons: 1) the present defendants were not named properly in the summons and complaint; and 2) there was improper service of process.
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
The defendants argue in their memorandum of law in support of their motion to dismiss that "[t]he court lacks personal jurisdiction over the officers and directors because the plaintiff failed to name them in either the summons or complaint and failed to serve any of them with process."
The defendants' primary claim is that the summons and complaint failed to adequately describe the parties as required by General Statutes § 52-45a because the defendants were named by their legal corporate titles, not by their actual names. The defendants argue that legal titles are equivalent to fictitious names, like John Doe, under which suits are not allowed to be brought, unless, as some courts have held, the actual names are unknown to the plaintiff at the commencement of the suit. The defendants allege that their actual names were discoverable during the previous five years in which the parties were engaged in litigation in the federal court.
The defendants further claim that service of process was improper under General Statutes § 52-54 because service was made by the sheriff leaving a copy of the summons at the office of Beachhead Development Corporation ("the Corporation"), not at the defendants' individual usual places of abode. Service of process to the defendants was served and accepted at the Corporation office by Allen Senie, Esq., a present Director, Vice President, CT Page 10529 and Secretary of the Corporation.
The plaintiff claims that at the time of service, it had no knowledge of the actual names, and thus no knowledge of the abode addresses, of the defendants. The plaintiff states it expected to learn the names and addresses through subsequent discovery. The plaintiff argues that these defendants are not fictitious or unknown persons, and use of their corporate titles does not make them fictitious. Rather, they are real identified defendants designated in the only manner in which the plaintiff knew them at the time. The plaintiff argues that the use of titles in such circumstances does not violate § 52-45a.
The plaintiff also claims that service of process was sufficient under § 52-54 because the corporate office was the only address the plaintiff had for the defendants, and that it was the only place of service at which, with certainty, they would be most likely to receive knowledge of service by copy. The plaintiffs argue that service was accepted by an officer and director, Senie, for the defendants, and notice of suit was successfully made to the other Present and Former Officers and Present and Former Directors of the Corporation, as evidenced by this motion. The plaintiff further argues that even if the writs and service were flawed by use of the defendants' legal corporate titles, it is subject to correction through amendment.
"Our courts have refrained from interpreting rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. . . . General Statutes § 52-123[2] protects against just such consequences by providing that no proceeding shall be abated for circumstantial errors as long as there is sufficient notice to the parties. . . ." (Citations omitted.) First Federal Savings Loan Assn. v. Pellechia, 31 Conn. App. 260, 264, 624 A.2d 395
(1993). "When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer." Lussier v.Department of Transportation, 228 Conn. 343, 350, 636 A.2d 808
(1994). A misnomer must be distinguished from a case in which the plaintiff has misconstrued the identity of the defendant, rather than the legal nature of his existence." Id. In this case, the plaintiff has not misconstrued the identity of the defendants. The defendants' existences are of a legal nature; they have legal names allegedly unknown to the plaintiff at the time of summons, as well as legal existences under their corporate titles. In CT Page 10530Pack v. Burns, 212 Conn. 381, 562 A.2d 24 (1989), the court, in discussing an amendment to a writ to substitute a renamed defendant, stated that "[t]he plaintiffs mistake was not as to the entity itself — not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. . . ." (Citation omitted; internal quotation marks omitted.) Id., 384.
"[T]he effect given to such a misdescription . . . [when] it is interpreted as merely a misnomer or defect in description . . . [is that] an amendment will be allowed. . . ." (Citation omitted; internal quotation marks omitted.) AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392,397, 655 A.2d 759 (1995). Section 52-123 allows such amendment for circumstantial defects, and Andover sets forth the proper analysis to be used to determine applicability. The threshold question is "whether the plaintiff had intended to sue the proper party or whether [he] had erroneously misdirected [his] action."Id., 397. Here, the plaintiff intended to sue the proper parties, those individuals who are and were officers and directors of the Corporation. The parties are not unknown John Does whose identity await discovery. They are the same officers and directors who have been parties throughout the history of this litigation. There is no confusion or question as to the identity of these parties just because their corporate titles are used instead of their names; they are one and the same person. As the defendants point out, their legal existence is on record with the secretary of state. The defendants' argument that these titles describe fictitious persons fails by their own argument. At most, the flaw is a misdesignation of specific, known parties. At most, this is a misdesignation of the parties, "a case of the `right' party being sued under the wrong description." Maulucci v. St. FrancisHospital Med. Cr. Fdn., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 510685, 17 Conn. L. Rptr. 136
(May 15, 1996, Blue, J.), citing World Fire Marine Insurance Co. V.Alliance Sandblasting Co., 105 Conn. 640, 136 A. 681 (1927).
Following a determination that the plaintiff intended to sue the proper party, the Pack court prescribed a three prong test to determine whether the misdescription is "a misnomer and therefore a circumstantial defect under 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have CT Page 10531 known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice. . . ." (Citation omitted.) Andover LimitedPartnership I v. Board of Tax Review, supra, 232 Conn. 392, 397. In this case, the defendants had actual notice of the institution of the action when it was first a pendant state action to the federal claim. They appeared as defendant in that action. As the federal claims against the multiple defendants named by the plaintiff were dismissed, the plaintiff filed the pendant state actions against each defendants in state court. It is not logical that the defendants would not anticipate the plaintiff's filing in state court the pendant state action upon the dismissal of the federal claim against them.
Furthermore, prior to being cited into the present action on motion by the plaintiff, the defendants were served with an apportionment complaint on June 19, 1996. The defendants were named in the apportionment complaint as "any present and former Directors of Beachhead Development Corp. c/o BEACHHEAD DEVELOPMENT CORP.," and service of process of that complaint was made on Senie. On October 4, 1996, an appearance was filed for the defendants, listing them as the "Present and Former Directors of Beachhead Development." The defendants raised no objection to the apportionment complaint.
The defendants knew, as their long history of participation in this litigation shows, that they were proper and necessary parties in the plaintiff's action, that they were the intended defendants, whether referred to by name or by corporate title. The five year history of litigation in the federal court that preceded this action, in which the defendants were proper parties, belies the defendants' claims of lack of notice due to misdesignation. The defendants do not allege that reference to them by corporate titles was a bar to litigation in the previous five years, nor that it was prejudicial prior to this moment. For the same reasons, the defendants were not misled in any way to their prejudice. To the contrary, the actions of Senie, the defendants' subsequent representation by counsel, and counsel's speedy filing of this motion, indicates that the defendants received timely notice of the plaintiff's state action and are not prejudiced in their defense. Thus, under the Pack test, the plaintiff is entitled to amend his complaint to name the defendants by name under § 52-123. As the court in Andover
stated, § 52-123 "must be liberally construed in favor of those whom the legislature intended to benefit. . . . The statute CT Page 10532 applies broadly to any writ issued in a civil action. . . ." Id., 396. "The trial court has broad discretion to allow an amendment to pleadings before, during, or even after trial in order to conform to the proof. . . ." (Citation omitted.) Gionfriddo v.Carter-Howe Development Corp., 27 Conn. App. 706, 712-13,609 A.2d 662 (1992). "[A] correction of a defect in description in the original writ, summons and complaint . . . [relates] back to the timely service of the original writ, summons and complaint within the two year statute of limitations." Pack v. Burns,
supra, 212 Conn. 381, 384.
Thus, the naming of the defendants by their corporate titles is not a ground for dismissal for lack of personal jurisdiction, and, assuming arguendo that it constituted a defect in the summons, such a defect is circumstantial and shall be cured by amendment.
The defendants' second argument is that personal jurisdiction of the court fails because of a defect in the service of process. They argue that the intended defendants were not served at their place of abode as required by General Statutes § 52-54.
The plaintiff argues that it had only the corporate titles of the defendants, and only their corporate address as their only known place of abode. Thus, it was necessary to serve them at that address, as the Corporation office would be the place at which the defendants would be most likely to receive knowledge of a service by copy. The plaintiff asserts that by accepting service, Senie, as the present Director, Vice President, and Secretary of the Corporation, took service of process for the defendants. He further argues that, by accepting service, it is reasonable to assume that in his corporate capacities, he was empowered to accept service for the rest of the defendant officers and directors, both present and former, and notify them of suit. The act of filing this motion gives evidence to this claim.
"The concept of jurisdiction over the person encompasses two separate ideas: a basis for jurisdiction, and, more importantly, fair notice to the defendant. . . . The notice aspect requires process to be served on the defendant in a manner calculated to notify him that he is being sued and to give him an opportunity to defend himself. . . ." Anderson v. Schibi,33 Conn. Sup. 562, 565, 364 A.2d 853 (1976), citing Mullane v.Central Hanover Bank Trust Co., 339 U.S. 306, 314 (1950). CT Page 10533 "[T]he chief purpose of this requirement [of abode service] is to ensure actual notice to the defendant that the action is pending. . . ." (Citations omitted.) Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 479, 423 A.2d 141 (1979). "The place where one would most likely have knowledge of service by copy would be at his usual place of abode." Clegg v. Bishop, 105 Conn. 564, 569,136 A. 102 (1927). Here, as in Plonski v. Halloran,36 Conn. Sup. 335, 420 A.2d 117 (1980), "the fact that the defendant received actual notice of this action weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that he was prejudiced in any manner whatsoever." Id., 337. The fact that the defendants here received notice, to which their presence before the court attests, is evidence that service at the Corporation was indeed the place where they most likely would have knowledge of the service.
In discussing defects of service, the court in Andover
"determined that an error in the process that failed to comply with a statutory mandate may be corrected under a remedial statute. . . ." (Citation omitted.) Andover Limited PartnershipI v. Board of Tax Review, supra, 232 Conn. 392, 399. "In addition, [it] concluded that the language `[a]ny court shall allow a proper amendment to civil process' [in General Statutes §52-72] is mandatory rather than directory. . . . Section 52-123
is a comparably worded, remedial statute to which the same principles apply." (Citation omitted.) Id. Thus, in this cases even if notice given by service under the defendants' titles at defendants' corporate address, was flawed, the defendants obviously did receive notice, did respond in a timely fashion, and, thus, cannot state that they have been unfairly prejudiced. Under these circumstances, the plaintiff may be allowed to amend service under § 52-123.
Thus, the motion to dismiss for lack of personal jurisdiction on the ground of a defect in service of process is denied.
Howard F. Zoarski Judge Trial Referee